FRANCIS J. GIAMBALVO
FGIAMBALVO@GORDONREES.COM



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA
28TH FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GRSM.COM

October 27, 2017

**VIA ECF**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

      Re:    *Nusbaum v. E-Lo Sportswear, LLC*
              Civil Action No. 17 Civ. 03646 (KBF)

Dear Judge Forrest:

      This firm is counsel for Defendant E-Lo Sportswear, LLC, in the above-referenced matter. Pursuant to Rule 2(F) of Your Honor's Individual Rules of Practice, Defendant submits this letter in opposition to Plaintiff's Motion to Compel Inspection/Entry upon Premises pursuant to Rules 26 and 34(a)(2) of the Federal Rules of Civil Procedure ("FRCP").

      Rule 34 of the FRCP provides that:

> Any party may serve any other party a request to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection, measuring, surveying, photographing, testing or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

Fed. R. Civ. P. 34(a)(2); *Ehrlich v. Inc. Vill. of Sea Cliff*, CV-04-4025 (LDW) (AKT), 2007 U.S. Dist. LEXIS 39824 (E.D.N.Y. May 31, 2007). Such a request must set forth the property to be inspected and "specify a reasonable time, place, and manner of making the inspection and performing the related acts." Fed. R. Civ. P. 34(b). The Second Circuit has held that with regard to a Rule 34 inspection, "the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection." *New York*

ALABAMA ♦ ARIZONA ♦ CALIFORNIA ♦ COLORADO ♦ CONNECTICUT ♦ FLORIDA ♦ GEORGIA ♦ ILLINOIS ♦ MARYLAND ♦ MASSACHUSETTS ♦
MISSOURI ♦ NEBRASKA ♦ NEVADA ♦ NEW JERSEY ♦ NEW YORK ♦ NORTH CAROLINA ♦ OHIO ♦ OKLAHOMA ♦ OREGON ♦ PENNSYLVANIA ♦
SOUTH CAROLINA ♦ SOUTH DAKOTA ♦ TEXAS ♦ UTAH ♦ VIRGINIA ♦ WASHINGTON ♦ WASHINGTON, DC ♦ WEST VIRGINIA ♦ WISCONSIN

Hon. Katherine B. Forrest
USDC-SDNY
October 27, 2017
Page 2

*Assoc. for Retarded Children v. Carey*, 706 F.2d 956, 961 (2d Cir. 1983). Entry upon land for inspection is generally disfavored in sexual harassment cases where the defendant's premises are not at issue. *See Belcher v. Bassett Furniture Industries, Inc.*, 588 F.2d 904, 908-09 (4th Cir. 1978); *EEOC v. United States Bakery*, No. 03-64-HA, 2004 U.S. Dist. LEXIS 11350, at *8 (D. Or. Feb. 4, 2004).

Plaintiff has failed to satisfy her burden pursuant to FRCP 26 and 34(a)(2). Plaintiff served a notice to inspect upon Defendant with a request for her and her representatives to be allowed to inspect all areas of two separate buildings in which Plaintiff worked or participated in "work-related activity." This notice is ridiculously overbroad as it demands unfettered and unlimited access to **any** area in either of the two buildings where Plaintiff worked or engaged in "work-related activity," however that term is defined. Moreover, other than stating that the inspection may be videotaped, the notice fails to provide any degree of specificity regarding the manner in which the inspection will occur. Additionally, the notice fails to set forth a reasonable time for the inspection or provide any information regarding its expected duration. In sum, Plaintiff seeks unfettered access to all areas of Defendant's offices in order to conduct an unspecified inspection for an unlimited duration, all while failing to articulate any legitimate purpose for the proposed intrusion.

Notwithstanding the foregoing, and contrary to Plaintiff's assertions in her letter, on October 10, 2017, Defendant indicated that it may be willing to agree to an inspection, but could not agree to anything other an inspection that was reasonable in scope, in accordance with Fed. R. Civ. P. 26 and 34(a)(2). Despite the Plaintiff's stated urgency for conducting the inspection, Plaintiff then waited 15 days to respond to Defendant, falsely claiming it had not heard back from Defendant and would seek court intervention if Defendant did not agree to Plaintiff's overly broad demand for inspection on October 31, 2017. Defendant then responded to Plaintiff seeking further clarification as to, among other things, the purpose and manner of Plaintiff's purported inspection. Despite Defendant's good faith attempts to reach a mutually agreeable resolution as to Plaintiff's proposed inspection, Plaintiff chose to forego any discussion and seek this Court's intervention.

Plaintiff has not articulated, much less demonstrated, a need for unfettered access to Defendant's two separate facilities. Instead, in her letter, Plaintiff merely states, "this is a sexual harassment case in which Defendant E-Lo Sportswear LLC's ("Defendant") office space and layout is relevant to Plaintiff Jan Nusbaum's ("Plaintiff") hostile work environment claim." Such general and conclusory assertions do not justify unrestricted access to Defendant's offices. *Schwab v. Wyndham Int'l, Inc.*, 225 F.R.D. 538, 539 (N.D. Tex. 2005). The proposed inspection of the premises is in no way relevant to Plaintiff's sexual harassment claims, as Plaintiff's allegations do not assert that the physical aspects or features of Defendant's facilities contributed to the alleged harassment in any manner whatsoever. Thus, neither the overall conditions under which Plaintiff worked nor the physical layout of Defendant's offices is at issue in this case. *Cf. Carey*, 706 F.2d 956; *EEOC v. United States Bakery*, No. 03-64-HA, 2004 U.S. Dist. LEXIS 11350, at *8 (D. Or. Feb. 4, 2004).

Hon. Katherine B. Forrest
USDC-SDNY
October 27, 2017
Page 3

      To permit Plaintiff and her representatives to inspect Defendant's premises will unnecessarily disrupt Defendant's operations and the work of its employees. The obvious burden caused by the unnecessary disruption to Defendant's operations far outweighs the speculative gains to be derived by such inspection. A physical inspection of the premises is thus unwarranted and plaintiff's motion to compel an inspection must be denied.

      We thank the Court for its consideration.

      Respectfully submitted,

      GORDON & REES LLP

      *Francis J. Giambalvo*

      Francis J. Giambalvo

cc:    All Counsel of Record (via ECF)